```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 4:20 CR 00712 SRC |
| v. | ) |
| | ) |
| COURTNEY CURTIS, | ) |
| | ) |
| Defendant. | ) |

**<u>GOVERNMENT'S SENTENCING MEMORANDUM</u>**

Comes now the United States of America, by and through The United States Attorney's Office for the Eastern District of Missouri and Hal Goldsmith, Assistant United States Attorney for said District, and for its Sentencing Memorandum, states to this Honorable Court as follows:

1. From January, 2013 through his resignation from office on December 5, 2018, Defendant served as the elected Representative for Missouri District 73 which covers ten municipalities in north St. Louis County, Missouri. Defendant, a high school graduate who subsequently took a number of courses at several area colleges, was paid approximately $36,000 per year as a Missouri State Representative. It is unclear how Defendant earned a living prior to his term of office in the Missouri State Legislature. Pursuant to Defendant's Plea Agreement, for at least two of his six years as a Representative, this Defendant abused his position of public trust by stealing from his campaign account which was funded by donations from individuals and businesses that supported his political position as the elected Representative. This defendant's criminal conduct was substantial, particularly considering his position as an elected official and the false representations he made to his supporters concerning his purported use of

1

their donated funds. He owed his honest services to his supporters, the residents of District 73 in north St. Louis County, and all Missouri residents whose taxes paid his salary, and he abused their trust through his criminal conduct here. Application of the United States Sentencing Guidelines here advises a sentence of 15 to 21 months' imprisonment. This Court's sentence should be fair and just under the facts and circumstances presented, and should acknowledge the extent of defendant's criminal conduct and the harm his conduct caused to the public who mistakenly placed their trust in him.

   2.  Title 18, United States Code, Section 3553(a) sets out the factors this Court should consider in fashioning an appropriate sentence. The first such factor to be considered is the nature and circumstances of the offense, and the history and characteristics of the defendant, 18 U.S.C. 3553(a)(1). During the period of his scheme, Defendant used his campaign account for not only his daily personal living expenses, such as rent and utility payments, but for additional inappropriate personal expenses for airplane tickets, hotel rooms, other travel related expenses, and for restaurant meals and bar bills unrelated to any legitimate campaign activities. There were many days when Defendant ate out at restaurants three times a day, using his campaign account to pay for those personal meals. Defendant also made substantial cash withdrawals from his campaign account for personal use, often from automated teller machines located at area casinos. Furthermore, Defendant deposited a significant number of campaign donation checks directly into his personal bank account, which funds he then used for his personal expenses unrelated to any legitimate campaign activities or his work as a State Representative. All the time, Defendant was lying to his political supporters, falsely representing that he would use their donated funds for legitimate campaign and reelection

efforts.  Further, Defendant violated the rules of the Missouri Ethics Commission in order to conceal his criminal conduct, and either failed to file required financial reports or filed false financial reports which failed to disclose receipts and improper disbursements from his campaign account, as well as the fact that he was depositing campaign donation checks directly into his personal bank account.

3. In reviewing defendant's history and characteristics, this Court should also consider that on August 13, 2020, when Special Agents of the FBI approached defendant to interview him about his knowledge of the campaign funds theft, defendant made false statements.  For example, defendant falsely claimed that some of the personal charges paid for out of his campaign bank account "might have been an accident," as he could not distinguish between debit cards connected to his personal bank account and his campaign bank account.  He also falsely claimed that campaign donation checks deposited to his personal bank account had been due to "a bank mistake."  Defendant falsely claimed that travel expenses related to eighteen out of town trips during a fourteen-month period were all for legitimate "conferences and such."  Finally, Defendant falsely claimed that he was owed money from his campaign account due to purported "loans" he had made to the account, despite the fact that a review of the campaign account's bank records reflects no deposits into the account from Defendant.  He falsely told the interviewing agents, "I basically am still owed money…."  Defendant's August 13, 2020 interview was recorded by the Defendant, and a copy of the recorded interview was later obtained by federal law enforcement.

4. It should be noted that Defendant diverted for his own personal use, unrelated to any legitimate campaign activity, more than 50% of all political donations he received during the period of his scheme.  As this Court is aware, this is *not* a victimless crime. Our elected officials should be held accountable for their criminal conduct; the victim supporters and citizens deserve

it, and fairness and justice require it.  Defendant was a public official, and the public should have been able to count on him and trust him to provide them with his honest services.  Instead this Defendant broke that trust here and should be justly punished.

    WHEREFORE, the United States of America prays that this Honorable Court sentence Defendant to an appropriate sentence within the applicable Sentencing Guideline range, and for such other relief as this Court deems appropriate and just under the circumstances.

        Respectfully submitted,

        SAYLER A. FLEMING
        United States Attorney


        */s/Hal Goldsmith*
        HAL GOLDSMITH #32984
        Assistant United States Attorney
        111 South 10th Street, Room 20.331
        St. Louis, Missouri  63102
        (314) 539-2200


## CERTIFICATE OF SERVICE

    I hereby certify that on March 9, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the defendant's counsel of record.

        */s/ Hal Goldsmith*
        HAL GOLDSMITH
        Assistant United States Attorney